UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scott Malcom and Tim McGough, as
Trustees of the Carpenters and Joiners Welfare
Fund, Twin City Carpenters Pension Master
Trust Fund, Carpenters and Joiners Apprentice-
ship and Journeymen Training Trust Fund, and
Twin City Carpenters Vacation Fund; and
each of their successors;

Mike Gavanda and Gary Larson, as Trustees
of the Painters and Allied Trades District
Council No. 82 Health Care Fund; John Bosquez
and Gary Larson, as Trustees of the Minneapolis
Local 386 Drywall Finishing Industry Pension
Fund, Minneapolis Painting Industry Pension
Fund, Minneapolis Painting Industry Vacation
and Holiday Fund; Micheal Gavanda and James
Smallen, as Trustees of the Minnesota
Finishing Trades Training Fund; and each
of their successors;

Jeff Jewett and John Nakasone, as Trustees of the
St. Paul Painting Industry Pension Fund, St. Paul
Painting Industry Vacation Fund; and each of their
successors;

Civil No. 05-476 (PAM/RLE)

                Plaintiffs,

v.                                                        **MEMORANDUM AND ORDER**

Ram Enterprises Inc.,

                Defendant.

---

       This matter is before the Court on Plaintiffs' Motion for a Default Judgment. For the reasons that follow, the Court grants the Motion.

## BACKGROUND

Plaintiffs are trustees and fiduciaries of various fringe benefit trust funds that were established to provide pension, health, welfare, and vacation benefits, as well as training to employees doing carpentry and painting work in the construction trades (hereinafter "Funds"). The Funds are maintained by the unions and employers for the benefit of workers pursuant to collective bargaining agreements.

On August 20, 1999, Defendant Ram Enterprises Inc., through its membership in the Gypsum Drywall Contractors Association of Minnesota ("Association"),[1] agreed to be bound to two collective bargaining agreements. The first collective bargaining agreement is between the Association, the Lakes and Plains Regional Council of Carpenters and Joiners, the Carpentry Contractors Association, and the Minnesota Drywall and Plaster Association. The second collective bargaining agreement is between the Association, the Minnesota Drywall and Plaster Association, the Painters and Allied Trades District Council No. 82 of Minnesota, and the International Union of Painters and Allied Trades. In this action, Plaintiffs allege that Defendant has failed to pay fringe benefit contributions owed under the both collective bargaining agreements.

## DISCUSSION

Plaintiffs seek a default judgment against Defendant. Plaintiffs served the Summons and Complaint on Defendant on March 4, 2005. Defendant has failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon Plaintiffs' counsel. Defendant has

---

[1] The association is now known as the Minnesota Drywall and Plaster Association.

failed to plead or otherwise defend against the Complaint. Accordingly, default judgment is proper. See Fed. R. Civ. P. Rule 55(a).

To determine the appropriate amount of damages, the Court has reviewed the applicable provisions of the collective bargaining agreements, as well as affidavits of Plaintiffs' auditor and counsel. See Fed. R. Civ. P. 55(b).

**A.      Fringe Benefits Contributions**

Plaintiffs maintain that Defendant has failed to pay fringe benefit contributions owed under the collective bargaining agreements. The collective bargaining agreements require Defendant to submit fringe benefit contribution reports and payments each month to Plaintiffs. The agreements also provide that an employer must promptly furnish to the Funds' trustees or their authorized agents all necessary employment and payroll records to ensure the proper administration of the Funds.

After Defendant produced records for the period of October 2003 through December 2004, the Funds' auditor reviewed the records and determined that Defendant had failed to report a number of hours worked by Defendant's employees, and therefore owed monies to the Funds. (Wilson Aff. ¶ 11.) In particular, the auditor determined that Defendant failed to pay $29,063.90 for fringe benefit contributions to the Carpenters and Joiners Funds. (Id. at ¶ 12, Ex. F.) The auditor also determined that Defendant failed to pay the Minneapolis Painters Funds $4,013.10 for fringe benefit contributions. (Id. at ¶ 13, Ex. G.) Finally, the auditor determined that Defendant owed the St. Paul Painters Funds $260.00 in fringe benefit contributions. (Id. at ¶ 14, Ex. H.)

However, Plaintiffs have informed the Court that Defendant is entitled to a credit of $19,826.87 for the Carpenters and Joiners Funds, $2,734.74 for the Minneapolis Painters Funds, and $227.89 for the St. Paul Painters Funds.

**B.     Liquidated Damages**

Plaintiffs also contend that Defendant owes them liquidated damages. The collective bargaining agreements provide that liquidated damages equal ten percent of the delinquent fringe benefit contribution amounts are due if Defendant fails to make timely payments. Ten percent of the fringe benefit contributions allegedly due to the Carpenters and Joiners Funds for the period of October 2003 to December 2004 equals $2,906.30. (Id. at ¶ 18.) Ten percent of the fringe benefit contributions allegedly due to the Minneapolis Painters Funds for the period of October 2003 to December 2004 equals $401.31. (Id.) Ten percent of the fringe benefit contributions allegedly due to the St. Paul Painters Funds is $26.00. (Id.)

**C.     Attorneys' Fees**

Finally, Plaintiffs claim they are owed costs relating to this action. The collective bargaining agreements, as well as the Employee Retirement Income Security Act, provide that a delinquent employer shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees and court fees, incurred by or on behalf of the Funds in determining, assessing, and collecting the amount due. Plaintiffs' counsel averred that Plaintiffs have incurred $1,736.76 in attorneys' fees and costs related to the collection of the delinquent amount under the collective bargaining agreements. (Nissen Aff. ¶ 5.) In particular, the Carpenters and Joiners Funds and the Minneapolis Painters Funds each incurred $781.54

in attorneys' fees and costs, and the St. Paul Painters Funds incurred $173.68.  (Id.)

**CONCLUSION**

Based on all files and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (Clerk Doc. No. 4) is **GRANTED**:

1. Defendant Ram Enterprises, Inc. must pay the Carpenters and Joiners Funds the amount of $12,924.87 as delinquent fringe benefit contributions, liquidated damages, and costs due for the period of October 2003 through December 2004;

2. Defendant Ram Enterprises, Inc. must pay the Minneapolis Painters Funds the amount of $2,461.21 as delinquent fringe benefit contributions, liquidated damages, and costs due for the period of October 2003 through December 2004; and

3. Defendant Ram Enterprises, Inc. must pay the St. Paul Painters Funds the amount of $231.79 as delinquent fringe benefit contributions, liquidated damages, and costs due for the period of October 2003 through December 2004.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: June 7, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
